UNION MUTUAL LIFE INSURANCE COMPANY *vs.* SYLVANUS
HOLBROOK & another & Trustees.

A carrier, who receives money from a debtor, to be tendered to one agent of a creditor
in payment of a specific debt not yet due, and, in case of the refusal of such agent to
receive it, to carry it to another city, and there tender it to another agent of the cred-
itor in payment of the same debt, is liable, after tendering the money to the first agent,
who refuses to receive it, even before he has had an opportunity to tender it to the second
agent, to be charged as trustee of the debtor in a suit by the creditor upon another debt.

ACTION OF CONTRACT against the acceptors of a draft for
$280.37. The question of the liability of Samuel S. Leonard,
Frederick S. Leonard and Samuel H. Leonard, summoned as
trustees of the principal defendants, was submitted to the decis-
ion of the court upon the following facts :

The trustees, at the time of the service of this process upon
them, were in partnership, as expressmen and common carriers
of merchandise for hire, and, as such, had received from the de-
fendant Sylvanus Holbrook at Worcester the sum of $201,50,
with directions to tender it to Cary & Field, the plaintiffs' agents
at Worcester, in payment of the sum to fall due from said de-
fendant to the plaintiffs on the next day, for the renewal of a
policy on his life, which the plaintiffs had agreed to renew on
condition that he should pay certain sums at certain stipulated
times; and the trustees were further instructed, in case the money
should not be received by Cary & Field, to transport it to Boston,
and there tender it to other agents of the plaintiffs, who had the
general management of their affairs, in payment of the sum so
due; that the money was accordingly offered by the trustees to
Cary & Field, who refused to receive it, saying that they desired
to wait until the afternoon before receiving it; and, before the
trustees could take the money to Boston in execution of said de-
fendant's instructions, this process was served upon them; that
the money so left with the trustees was kept by them in a sep-
arate paper, and the identical money so left, according to the
course of their business, was to be transported as aforesaid.

*P. E. Aldrich,* for the plaintiffs.

*G. F. Hoar*, for the trustees. The alleged trustees are not liable to this process, inasmuch as they were mere agents of the debtor, having no claim of right in the property, and the possession of their principal still continued. The money having been appropriated by the debtor to a particular debt to the plaintiffs, the plaintiffs cannot by this process defeat such appropriation, and cause a forfeiture of the policy on the debtor's life. Rev, Sts. *c.* 109, §§ 4, 30. *Dwight* v. *Bank of Michigan*, 10 Met. 58. *Staniels* v. *Raymond*, 4 Cush. 314.

THOMAS, J. It is not necessary in this case to decide whether, if this money had been put into the hands of the Leonards as common carriers only, and for the mere purpose of transportation, it could be arrested in its transit, and they charged as trustees. This money was put into the hands of the alleged trustees for other purposes than transportation, namely, to be tendered to Cary & Field, as the agents of the plaintiffs at Worcester, in payment of a specific debt. If refused by Cary & Field, it was to be taken to Boston and tendered to other agents of the plaintiffs there. The tender was not accepted by the plaintiffs' agents in Worcester. The commencement of this suit by the plaintiffs was in itself a refusal to receive the money and make the appropriation which the defendants desired. The special purpose, then, for which the Leonards had received the money, was at an end. It remained in their hands to be repaid to the defendants. In this state of facts, the trustee process is interposed. It is very clear that the trustees must be charged.

*Trustees charged.*